# In the United States Court of Federal Claims

**No. 03-2162V**
Filed: November 5, 2013
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
KAREN ROBINSON,                        *
parent and natural guardian of         *
KAPRI' AL HARDWICK, a minor,           *
                                       *
              Petitioner,              *      Autism; Attorneys' Fees and Costs
     v.                                *
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On July 11, 2012, petitioner filed a motion for attorneys' fees and costs in this case. Respondent opposed the motion, arguing that fees and costs should not be awarded in untimely filed cases. Because this issue was pending before the U.S. Supreme Court, the special masters deferred ruling on fee applications in approximately 1,000 Omnibus Autism Proceedings ("OAP") cases. Thus, a ruling on petitioner's motion in this case was deferred.

Following the Supreme Court's decision,[2] respondent's counsel and petitioners' counsel from the five law firms with the greatest number of pending motions discussed

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Supreme Court held that a "petition found to be untimely may qualify for an award of attorney's fees if it is filed in good faith and there is a reasonable basis for its claim." *Sebelius v. Cloer*, 133 S.Ct. 1886, 1896-97 (2013).

a procedure to avoid the lengthy litigation required to assess whether each case was filed in good faith and with a reasonable basis. Respondent will withdraw her objection to the payment of attorneys' fees and costs in cases which were filed when the minor child was 78 months of age or younger with two caveats.[3] Petitioners' counsel will withdraw all motions for fees and costs in cases which were filed when the minor child was older than 78 months of age or which fall under either caveat. The procedure applies only to cases in the OAP and should not be construed as evidence that the parties are abandoning any legal arguments they may make in other cases.

Petitioner's counsel in this case has decided to follow this procedure. Because the case was filed when the minor child was 78 months of age or younger and does not fall under either of respondent's caveats, respondent has withdrawn her objection to payment of attorneys' fees and costs. Additionally, respondent does not oppose the amount of fees and costs requested.

Petitioner seeks attorneys' fees and costs in the amount of $5,005.36.[4] In lieu of filing a Vaccine General Order #9 statement, petitioner's counsel represents that he will reimburse petitioner any costs that petitioner personally incurred that are compensable under § 15 (e)(1).

**Pursuant to §15(e), I hereby award a lump sum of $5,005.36[5] to be paid in the form of a check payable jointly to the petitioner and petitioner's counsel, James A. Goldstein.**

---

[3] The first caveat is that respondent will continue to object in any case where the filed medical records show that there was a diagnosis outside the statute of limitations. The second caveat applies to those cases, in which the claim lacked a reasonable basis for reasons unrelated to timely filing. For example, if the minor vaccinee received only a hepatitis B vaccine at birth and no additional vaccines were administered, respondent may continue to object because the period between vaccination and onset of symptoms at 15 months of age is unreasonable.

[4] In the motion for attorneys' fees and costs, the total is listed as $5,005.36 in all places except one where $5,055.36 is given as the total amount. An OSM staff attorney checked with both parties who confirmed that the amount of $5,005.36 is correct.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the Clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

$\qquad$ **s/George L. Hastings, Jr.**
$\qquad$ George L. Hastings, Jr.
$\qquad$ Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).